## UNITED STATES DISTRICT COURT
## DISTRICT OF COLORADO

Civil Action No.:

**DARIN BARRETT**

    Plaintiff,

v.

**COMPUTER CREDIT, INC., a North Carolina Corporation**

    Defendant

---

### COMPLAINT AND JURY DEMAND

---

### JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

2. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

### VENUE

3. Venue is proper in this District.

4. The acts and transactions occurred in this District.

5. The Plaintiff resides in this District.

6. The Defendant transacts business in this Judicial District.

7. The Defendant is a registered foreign corporation with the Colorado Secretary of State, having a registered agent at 1776 S. Jackson Street, Suite 900, Denver, Colorado 80210.

### PARTIES

8. Plaintiff Darin Barrett is a natural person who resides in the City of Loveland, County of Larimer, State of Colorado, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

9. Defendant COMPUTER CREDIT, INC.. (hereinafter "Defendant") is a South Carolina corporation operating from an address of 640 W. 4th Street, Winston-Salem, North Carolina and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

10. The Defendant is registered as a debt collection company with the Office of the Colorado Attorney General's licensing division.

## FACTUAL ALLEGATIONS

11. Sometime prior August, 2010, Plaintiff's deceased spouse, Dianna Barrett incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5),namely a medical debt owed to the Poudre Valley Hospital of Fort Collins, Colorado.

12. Sometime thereafter, the alleged debt was consigned, placed or otherwise transferred to Defendant for collection from the Plaintiff.

13. Dianna Barrett died from medical complications in August 16, 2010. Ms. Barrett died in-testate.

14. Subsequent to the death of Dianna Barrett, the Defendant continues calling the home telephone number of Ms. Barrett, knowing that she is deceased.

15. The Plaintiff continues receiving telephone calls, despite having notified the Defendant that Ms. Barrett was deceased and that he would believed that the debt was invalid.

16. The Defendant knows, or should know, that the individual they are attempting to collect a debt from is deceased.

17. Notwithstanding this knowledge, the Defendant continues to contact the home of the Plaintiff causing annoyance, alarm and dredging up the memories of his wife's untimely and unexpected death.

18. The Defendant has actual knowledge that the Plaintiff is represented by legal counsel.

19. The law office of Gookin, Krenning and Associates, LLC notified the Poudre Valley Hospital on February 20, 2011 that it was retained by the Plaintiff to demand that they stop contacting the Plaintiff as he had no responsibility for the alleged debt of his former wife.

20. Notwithstanding of the actual notice that the Plaintiff is represented by legal counsel, the Defendant, acting on behalf of the Poudre Valley Hospital has sent a written letter to the Plaintiff demanding payment on a debt that is invalid or otherwise uncollectible.

21. The FDCPA, 15 U.S.C. §1692c(a)(2) prohibits a debt collector from having contact with a consumer that it knows is represented by an attorney.

22. The communication being made by the Defendant is designed to harass, annoy and cause distress to the Plaintiff.

23. The communication with the Plaintiff by the Defendant is an effort to collect a debt constitutes numerous violations of the provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692c(a)(2), 1692d, 1692e(2), and 1692f amongst others.

## CAUSES OF ACTION

### COUNT I.

VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

**15 U.S.C. § 1692 et seq.**

24. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

25. The foregoing acts and omissions of Defendant and its agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to Plaintiff.

26. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant herein.

## TRIAL BY JURY

27. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable.  US Const. amend. 7.  Fed.R.Civ.P. 38.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

**15 U.S.C. § 1692 et seq.**

- For an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant and for Plaintiff;

- For an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant and for Plaintiff;

- For an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant and for Plaintiff; and

- For such other and further relief as may be just and proper.

Respectfully submitted,

s/Troy D. Krenning
**Troy D. Krenning, Esq.**
Gookin, Krenning & Associates, LLC
501 N. Cleveland Avenue
Loveland, Colorado 80537
(970) 292-8290
Email: troy@gkalaw.com
**Attorney for Plaintiff**


s/Jill Gookin
**Jill Gookin, Esq.**
Gookin, Krenning & Associates, LLC
501 N. Cleveland Avenue
Loveland, Colorado 80537
(970) 292-8290
Email: jill@gkalaw.com
Attorney for Plaintiff